## BIBB et al. v. THE UNION BANK OF LOUISIANA.

A mortgage on slaves duly recorded in the parish in which the debtor had his domicil and residence, and in which the slaves were at the time, is not required to be reinscribed in a parish to which the debtor subsequently removes with the slaves, in order to preserve its effect.

Arts. 3442, 3444, which provide that one who acquires a slave in good faith, and by a just title, will be protected by the prescription of five years if the real owner resides in the State, and by ten years if he resides out of it, apply only to the owner; they do not affect mortgage creditors. Prescription is acquired by the third possessor of mortgaged property, not by the lapse of time established for the prescription of the property itself, but by that fixed for the hypothecary action.

APPEAL from the District Court of St. Tammany, Penn, J. J. R. Jones, for the plaintiffs, cited C. C. arts. 3444, 3445, 3446, 3447, 3414. 19 La. 362. 2 Rob. 466. Halsey, for the appellants. The judgment of the court was pronounced by

ROST, J. The plaintiffs obtained an injunction to arrest the sale of four slaves seized by the sheriff of St. Tammany, at the suit of the Union Bank against Bickham and wife. They claim title to the slaves under a sheriff's sale made at the suit of Martin, Pleasants & Co. against the same parties, and also by prescription. There was judgment in their favor in the court below, and the defendants appealed.

In May, 1839, Brickham and wife, then residing in the parish of Washington, obtained a loan of $5,000 from the Union Bank, and to secure the payment thereof mortgaged the slaves in controversy, and other property. They, at the same time, gave the bank for the amount of the loan a bond payable twelve months after date, which was protested for non-payment at maturity. Bickham and wife subsequently removed to the parish of St. Helena, taking their slaves with them; and, on the 28th December, 1840, the slaves in controversy were sold in that parish at sheriff's sale at the suit of Martin, Pleasants & Co. The certificate of mortgages, adduced by the sheriff at the sale, shows that there were no mortgages on the property seized in the name of Bickham and wife in the parish of St. Helena, except certain judicial mortgages, the oldest of which was that of the seizing creditors. More than five years elapsed from the date of this sale to that of the seizure made by the Union Bank.

The plaintiffs contend: First, That as the mortgage of the Union Bank was not recorded in the parish of St. Helena, and as no mention is made of it in

the certificate of mortgages adduced on the day of sale, they acquired the slaves free from that mortgage. *Secondly*, That if the mortgage was still in force against third persons from the date of its inscription in the parish of Washington, they have possessed the slaves claimed in good faith and under a just title for upwards of five years, and prescription must avail them against the claim of the defendants, under articles 3444, 3445, 3446, 3447, 3414, of the Code.

The first point made must be considered as settled in favor of the defendants by the decision in the case of the *Commissioners of the New Orleans Improvement and Banking Company* v. *Jewett*, 11 Rob. p. 20.

The second presents no difficulty. Art. 3442 of the Code provides that, he who acquires an immovable in good faith, and by a just title, prescribes for it in ten years *if the real owner* reside in the State, and in twenty years if the owner resides out of the State. Art. 3444 provides that, for the prescription of slaves the time will be one half of that required for immovables. These prescriptions only run against *the real owner*. They do not affect mortgage creditors.

By an express disposition of art. 2180, of the Nap. Code, prescription is acquired by the third possessor of mortgaged property, by the lapse of time fixed by law for the prescription of the property itself. This disposition has been omitted in art. 3374 of our Code, which is otherwise the same; and the prescription against mortgages can only be acquired by the time fixed by law for the prescription of the hypothecary action.

It is therefore decreed that the judgment in this case be reversed. It is further decreed that the injunction sued out by the plaintiffs be set aside and dissolved, and the defendants allowed to proceed under their execution. And the claim of the defendants, bearing interest at the rate of ten per cent per annum, it is further decreed that the plaintiffs, together with *Ambrose White* and *Thomas Green Davidson* their sureties on the injunction bond, be adjudged to pay the defendants, *in solido*, $100 damages. It is further ordered that the plaintiffs pay costs in both courts.